*United States Sentencing Commission*

                4.      *Non-Government Sponsored Downward Variances and Departures*

      A final means of reducing a defendant's sentencing exposure was a non-government downward variance or departure. Of the total 1,654 non-production cases, 733 cases (44.3%) involved courts' imposition of sentences below the applicable guidelines ranges based on non-government sponsored variances or departures.[52] Such downward variances or departures usually were initiated by the filing of a motion by the defendant, but it appears from the statement of reasons forms that sentencing courts occasionally downwardly varied or departed *sua sponte*.[53] Of the 733 cases involving downward variances or departures, the prosecution objected in 632 such cases (86.2%), but did not object in 101 cases (13.8%). The three leading reasons given by courts for downwardly varying or departing from the applicable guideline ranges were: (1) a variance based on the "nature and circumstances of the offense [and/or] the history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1) (551 cases, or 75.1% of cases with variances or departures); (2) a departure[54] or variance based on the overrepresentation of a defendant's criminal history score (26 cases, or 3.5% of such cases); and (3) a departure based on a mitigating factor of a kind or to a degree not adequately taken into consideration by §2G2.2 (20 cases, or 2.7% of such cases).[55] The remaining 18.7 percent of downward variances and departures were based on a wide variety of grounds, including defendants' ages (youthful or elderly), physical conditions, and previous employment records. Some cases involved multiple grounds for downward variance or departure.

      As a result of the different types of variances and departures, only 668 (40.4%) of the 1,654 non-production defendants received within-range sentences in fiscal year 2010. Figure 8–11 below shows the different types of variances and departures in non-production cases (including upward variances or departures, which occurred in only 1.9% of cases).

---

sexual examination by a mental health expert (that would be shared with the prosecution and court). This practice was limited to only a few districts (*e.g.*, W.D. Wash.).

[52] The vast majority of such sentences imposed outside of the applicable guidelines ranges in non-production child pornography cases were the result of variances rather than departures. *See, e.g.*, U.S. SENT'G COMM'N, SOURCEBOOK OF FEDERAL SENTENCING STATISTICS 80 (2010) (Table 28). In fiscal year 2011, the percentage of USSG §2G2.2 offenders receiving non-government sponsored variances or departures grew to 48.1%. *See* U.S. SENT'G COMM'N, SOURCEBOOK FOR FEDERAL SENTENCING STATISTICS 80 (2011) (Table 28).

[53] Such *sua sponte* downward variances or departures most commonly occurred in cases in which a defendant had agreed in the plea agreement not to move for a variance or departure.

[54] *See* USSG §4A1.3(b) (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).

[55] *See* USSG §5K2.0 (Grounds for Departure (Policy Statement)).

EXHIBIT B.001