MAX WACHTEL, P. H. D.
2501 DALLAS STREET, #274
AURORA, CO 80110
303.399.5300
max@maxwachtel.com

December 4, 2019

Mr. Doug Richards
Richards Carrington
1444 Blake Street
Denver, CO 80202

re: Joel Thomas

Dear Mr. Richards,

My name is Max Wachtel, Ph.D. I am a licensed psychologist, and I am writing this letter in regard to one of your clients, **Mr. Joel Thomas**. I have been meeting with Joel in therapy since June 20, 2019. So far, we have met 12 times.

I should mention that in addition to the therapeutic work I do, I am also a forensic psychologist who completes evaluations for state and federal courts and for military courts martial. I have conducted more than 2,500 forensic evaluations on a range of individuals, from people charged with misdemeanors to those charged with first-degree murder. I was also on the faculty at the University of Denver for twelve years.

When I started my work with Joel, he was highly resistant to the idea of treatment, and he was very angry that he was involved with the legal system. He saw his problems as having been caused by everyone other than him, and I had the very strong sense that he was only talking to a therapist because it might look good for his court case. Although I did not write him off completely, I did not have high hopes for Joel.

I can honestly say, with a high degree of confidence, that Joel is a different person today than he was when he first walked into my office on June 20. In six short months, he has made more progress than the vast majority of people I've treated in my career. I am pleasantly surprised to say that he is one of the exceptions—a person with serious problems who has been willing to address those problems head on in an open and transparent way and who has gained immeasurable benefit from doing so.

EXHIBIT C.001

Joel now looks forward to our meetings and, if we skip a week, he comes in the next week talking about how much he missed being able to work in therapy. In addition, he has been working hard in Sex Addicts Anonymous to get to the root of his problem. At the start of SAA, he was reluctant to admit that he was an addict, and he has now become completely convinced that this is the case and that he needs to make major changes to his life in order to remain healthy. He has altered his work life so that he no longer needs to travel constantly—he came to the realization in SAA that he supplanted a sex addiction with a work addiction—and he is now spending more time with his wife and son. He is sharing everything with his wife, and they are looking into starting couples therapy. He moved into a less expensive house so he will no longer feel the pressure to work all the time. He has started wrapping his mind around where his issues came from and how to avoid the common triggers he experienced before.

Most importantly, in my mind however, is Joel's turnaround regarding child pornography. For years, he was adamant that he was not harming anyone because he was not producing this pornography—the damage had already been done, so to speak. Joel absolutely understands the flaws in this type of thinking now, and he fully accepts that he has retraumatized many individuals due to his actions. Through SAA, he has worked through several steps (he is taking this seriously and is moving slowly through the steps, instead of rushing), and one task he has completed has been to write an "apology letter" to the children he harmed. Another task he completed was writing a letter back to himself from the viewpoint of those children—this is referred to as an "empathy letter." Both of these letters are very thoughtful, and it is clear that Joel has a deep grasp of the harm he has caused.

In our therapy together, Joel is working hard to tie together what he is learning from SAA and a self-guided, empirically based set of treatment modules. And as I mentioned earlier in this letter, I am pleased and surprised by his clarity, his insight, and his dedication to getting better. He and I have also worked on ideas for "restorative justice" or "making amends." He understands he cannot make amends directly to the individuals he hurt through pornography, but he is making amends toward those in his life who have been negatively affected by his actions. And, he is also coming up with ideas for ways he could give something back to society to make our world a better place. This has led him to volunteer at Habitat for Humanity.

I understand the criminal justice system has multiple goals, among them rehabilitation, incapacitation, and punishment. From a rehabilitation perspective, Joel would be losing a tremendous rehabilitative support system he has built for himself if he were to be incarcerated. He would no longer have access to SAA, which has been a game changer for him, and he would not have access to the self-guided and community-based treatment in which he is currently engaged. At this point, if a treatment is suggested to him, he jumps at the opportunity—this would not be possible in the Federal Bureau of Prisons, which has some wonderful treatment opportunities, but none that are specific to Joel's concerns. In fact, from a

EXHIBIT C.002

rehabilitation and protection of the public perspective, it is my expert opinion that Joel would be set back significantly if he were to be incarcerated.

From the perspective of incapacitation, Joel has put into place a number of safeguards that will keep him from engaging in the type of online behavior that got him into trouble. First, it is important to note that it has been roughly six years since he has done anything related to child pornography. Next, he has been completely open and honest with his parents and his wife and is sharing with them his ongoing progress. He also has a sponsor through SAA and is in daily contact with him. Plus, there are excellent tracking systems in place through probation that would act as a backline defense for Joel, thus incapacitating his ability to access pornography online.

It may be that the Court feels it is important to punish Joel for what he has done. If punishment is something the Court feels is appropriate, I can say that a period of incarceration for Joel would certainly be a punishment—it would greatly harm his family, would set him back, and would not make the public any safer. He would be punished for what he has done and he would be kept from the support system he has built in the last six months that has improved the lives of himself and his family. It would also take away his ability to engage in restorative justice and to help improve the society in which he lives.

Thank you for your time.


Sincerely,

Max Wachtel, Ph.D.

EXHIBIT C.003