IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-CR-00397-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOEL THOMAS

    Defendant.

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S AMENDED SENTENCING STATEMENT [DOC. #22]**

---

Defendant Joel Thomas ("Joel"), by and through his attorney and pursuant to CMA Crim. Practice Standard 11(c)(2), hereby submits his Response to the Government's Amended Sentencing Statement [Doc. #22].

**Response**

Having voluntarily and earnestly undertaken substantial treatment and counseling, Joel fully understands that the victims of child pornography, as the government states, "are not abstractions or objects." (Doc. #22 at 12). Joel, in the words of his treatment group sponsor, "takes full responsibility for his actions" and his therapist describes Joel as "one of the exceptions" in terms of his extraordinary willingness to admit and confront his wrongdoing. *See* (Doc. #23 at 9). Indeed, as part of his therapy, Joel has written letters from the perspective of the victims, in which he reflects on the damaging

consequences of their exploitation.

It is the government, in contrast, that views Joel as an abstraction. The factors the government relies on to argue for a 63-month sentence are virtually uniform among those convicted of viewing child pornography on the internet – "collecting" images over time, seeking out "communities" trading in such materials, and making efforts to "conceal" the online activity and "evade law enforcement." (Doc. #22 at 6-8). Those activities, including the number of images Joel "collected," are reflected in the plea, which does not provide for a minimum sentence of incarceration. The government neglects, however, to consider the individualized "characteristics of the offender," including Joel's rehabilitative efforts and the fact that the government itself did not deem Joel a danger requiring removal from the community while his case sat unpursued for the last six years. The government's analysis of the other sentencing factors, such as the need to promote deterrence, is similarly applicable to all child pornography defendants, and provides no reasons why this case necessitates the recommended 63-month sentence – a term substantially above average for a child pornography defendant without a prior sex offense conviction. *See* (Doc. #23 at 7).

In short, the government discourages an individualized analysis of this case and the characteristics of the defendant, in favor of a cookie-cutter sentence identical to those the defendant receives when the government extracts a compulsory minimum in the plea bargain. But the Court in this case is not obligated to sentence in accordance with the government's wishes and may conduct a fulsome analysis of the applicable sentencing factors in fashioning the appropriate sentence. For the reasons set forth in Defendant's

Sentencing Statement, (Doc. #24) and Defendant's Motion for Downward Variant Sentence (Doc. #23), the appropriate sentence is one substantially lower than the 63-months incarceration recommended by the government.

Dated this 6th day of January 2020, in Denver, Colorado.

Respectfully submitted,

*s/ Douglas I. Richards*
Douglas I. Richards
**RICHARDS CARRINGTON, LLC**
1444 Blake Street
Denver, Colorado 80202
Telephone:303-962-2690
Facsimile:303-962-2691
doug@richardscarrington.com
*Attorney for Defendant* Joel Thomas

## CERTIFICATE OF SERVICE

I hereby certify that on January 6th, 2020, I electronically filed the foregoing DEFENDANT'S RESPONSE TO GOVERNMENT'S AMENDED SENTENCING STATEMENT [DOC. #22] with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alecia L. Riewerts
Alecia.Riewerts@usdoj.gov

Lauren Kupersmith
Lauren.Kupersmith@usdoj.gov

*Attorneys for the Government*

                                                *s/ Ashli Pyles*
                                                Ashli G. Pyles, Paralegal