**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:19-cr-00397-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    JOEL THOMAS,

        Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR DOWNWARD VARIANT SENTENCE**
_____

The United States of America, by and through United States Attorney Jason R. Dunn for the District of Colorado, and Alecia L. Riewerts, Assistant United States Attorney, and Lauren S. Kupersmith, Trial Attorney, hereby submits this Response to Defendant's Motion for Downward Variant Sentence [ECF #23] ("Def. Var. Mot."). For the reasons articulated below and in the Government's Amended Sentencing Statement [ECF # 22] ("Gov. Sent. St."), the government opposes a sentence of probation and asks the Court to sentence the defendant to 63 months imprisonment. A sentence of imprisonment to 63 months, which is at the bottom of the advisory guidelines range, is a fair and just sentence and takes into consideration all of the circumstances of this case, including the factors delineated in 18 U.S.C. § 3553(a) and the defendant's acceptance of responsibility.

## I.     THE 18 U.S.C § 3553(a) FACTORS

The defendant seeks a sentence of probation.  This request makes a mockery of the United States Sentencing Commission Sentencing Guidelines.  Not only is the defendant's request a variance of 63 months below the bottom of the advisory guidelines range, it is also a request for a sentence for which the advisory sentencing guidelines state he is ineligible.  *See* Final Presentence Investigation Report, ECF # 25 ("PSR"), at Exhibit A, p. 2.  Generally, his support for this request seems to be that 1) variances occur in this district and nationwide; and 2) the defendant is a devoted family man who sought treatment when he knew charges were forthcoming.  However, his request for no incarceration is still 55 months less than the average sentence of imprisonment for possession of child pornography offenders as cited by the defendant.  *See* Def. Var. Mot. at Exhibit I.  Further, his characteristics of having a loving wife, supportive family, and son to care for, all existed during the months he spent on Websites 15 and 18 seeking and consuming images and videos depicting the sexual exploitation of minors, cultivating his collection of child pornography and hiding from law enforcement.  *See* Gov. Sent. St. at 3-9.   The government addresses each of these arguments more fully below.

### A. The Avoidance of Unwarranted Sentencing Disparities

A sentence within the advisory sentencing guideline range, when it is not unreasonable, minimizes unwarranted sentencing disparities as directed by Congress in 18 U.S.C. § 3553(a)(6).  It is widely accepted in our jurisprudence that similarly situated individuals that commit like crimes under like circumstances should receive similar punishments.  This congruence fosters predictability and fairness, both for defendants

2

and for the community.  "The [Sentencing Reform Act] was motivated by a desire on the part of Congress to establish a rational sentencing system to provide for certainty, uniformity, and proportionality in criminal sentencing.  The intent of Congress was to eliminate an 'unjustifiably wide range of sentences [imposed on] offenders with similar histories, convicted of similar crimes, committed under similar circumstances,' and to recognize differences between offenses." *2009 U.S. Sentencing Commission Report: History of the Child Pornography Guidelines* ("2009 Sentencing Commission Report") at 2, *quoting* S.Rep. No. 98-225, at 38 and 45-46.[1]

The focus should be on what sentence a similarly situated offender would be sentenced to in this district, *not* on what sentence the defendant is allowed to argue for.  In this case, as in all cases, the unique factors involved, including the delay in prosecution, the defendant's advisory sentencing guideline range, and the defendant's prompt acceptance of responsibility once charges were forthcoming were considered in making a pre-Indictment plea offer wherein the defendant was allowed to argue for a sentence of less than 60 months imprisonment.  However, the fact that the defendant is allowed to argue for a certain sentence does not mean that such a sentence is reasonable.  Neither the delay in prosecution nor the fact that the government made such an offer in this case represent that a sentence of probation is appropriate.  The defendant has accepted responsibility for possessing child pornography and should be

---

1 Available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/sex-offenses/20091030_History_Child_Pornography_Guidelines.pdf (last visited January 6, 2020).

3

held accountable for his criminal conduct in a manner consistent with other child pornography offenders sentenced in this District.

While it is unusual in the District of Colorado to allow a defendant to argue for a sentence of less than 60 months in a child pornography case in which a charge of distribution, transportation, and/or receipt of child pornography can be proved, it is not unusual for the government to allow the defendant to argue for a variant sentence, as long as the defendant does not argue for a sentence below the 60-month mandatory minimum sentence that would be applicable to a plea to distribution, transportation, or receipt of child pornography.  The defendant, however, is not alone in his ability to argue below the 60-month floor that would have been applicable to the distribution, transportation or receipt charge.  To avoid unwarranted sentencing disparities, the defendant should be sentenced consistently with other offenders who have been offered a plea to Possession of Child Pornography and have been allowed to pierce the 60-month floor.  For example, in *United States v. Wade*, 17-cr-00430-RBJ, the defendant was charged with receipt of child pornography and possession of child pornography, but was allowed to plead to possession of child pornography.  As part of the plea agreement, the defendant was required to request a sentence within the advisory sentencing guideline range.  The government recommended the bottom of the guideline range, which was 51 months, and the defendant was sentenced to 46 months with 5 years supervised release.  Of note, while the defendant received a variant sentence, he received a significant term of imprisonment and only 5 months below the bottom of the advisory guidelines range.  It is not unusual for the government to recommend a sentence at the bottom of the advisory sentencing guideline in child pornography

distribution or transportation cases in which the defendant is allowed to plead guilty to the possession of child pornography.  However, for comparison, there have also been cases in which the defendant was allowed to plead guilty to possession of child pornography, was not allowed to pursue a sentence below 60 months, and the government recommended a sentence at the high end of the advisory sentencing guideline range.  For example, in both *United States v. Mason*, 18-cr-00055-CMA and *United States v. Smith*, 17-cr-00123-CMA, the government recommended a sentence at the high end of the guidelines, which was 120 months, and the defendants were sentenced to the bottom end of the guidelines, which was 97 months with 10 years supervised release.  In short, each of the unique circumstances and facts related to a particular case is considered when the government makes its plea offer and sentencing recommendation.  Because the government offers a plea that allows the defendant to argue for a sentence that is below the advisory sentencing guideline range does not mean that such a sentence, especially a sentence that completely abandons the advisory sentencing guideline range, is appropriate.

    **B.**    **The History and Characteristics of the Defendant**

The government is mindful that the defendant, in the eyes of those who care for him, has been a dependable and loyal husband, son, father, brother, and employee.  However, the man that his family knows appears to be at odds with the character demonstrated through his criminal conduct in this case.  Throughout defendant's motion and exhibits, he portrays himself as a devoted family man with a stable job and supportive family; however, for years, he hid another side of himself from all those in his life.  While he was falling in love, raising a child, and pursuing various employment

opportunities, he was using an anonymous network to access and share images and videos of other people's children who were being exploited for the sexual desires of the defendant and other offenders. As detailed in the PSR and the Government's Amended Sentencing Statement, the defendant's activities online are a reflection of his character just as much as what he has done outside of his dark web alter ego. During the same time frame as he was taking many of the innocent photos with his wife and son that comprise Exhibit F, he was online contributing to the cycle of sexual exploitation of other children, learning from other offenders how best to organize his extensive collection, which included "Boys" and hard core child pornography of pre-pubescent minors, trying to complete sets of sexual exploitation material of his favorite minors, and encouraging the distribution and sharing of material of other users. Plea Agreement [ECF #16] ("PA") at 16-18.

The defendant is only a "first time" child pornography offender only in the sense that he has never been previously caught or convicted. As described in the Plea Agreement and Government's Amended Sentencing Statement, his posts make clear that he was collecting sexually exploitive material of minors for decades prior to being detected and took a variety of steps to conceal his activity from his family and law enforcement. For example, the defendant admits that he had been collecting child pornography since "the 90's". PA at 16. While it is true that the defendant has no criminal history, that was considered in calculating his criminal history category and total adjusted offense level under the sentencing guidelines. Clearly, a lack of criminal history does not equal a lack of criminal behavior.

The defendant could have been motivated by the birth of his son to turn his life around. However, he joined Websites 15 and 18 after his son was born. PSR at ¶63. Likewise, the defendant had the chance to turn his life around in 2010 when Aurora police first came to his house with suspicions of his involvement with child pornography. However, rather than seeking help then or changing his behavior, he improved the level of the sophistication of his tradecraft, both by becoming more technologically savvy with encryption and anonymization and signing up for Websites 15 and 18 in May 2012 and September 2012, respectively, to have instant access to a community of like-minded individuals and additional child pornography with greater protection from law enforcement. PA at 15-18.

The defendant argues that he is different from other offenders because he sought counseling. The defendant also suggests that he sought therapy on his own, independent of the government bringing its case against him. Def. Var. Mot. at 14-15. However, far from seeking any treatment when the Aurora police visited his home in 2010 or when the federal search warrant occurred at his home in 2013, the defendant did not attend any therapy sessions until June 20, 2019, after the government had informed defense counsel of its intention to seek charges and to assess interest in a pre-indictment disposition. After defense counsel was informed about the government's intentions, the government and defense counsel met to review evidence and discuss the possibility of a disposition on June 5, 2019. The defendant had his first therapy session more than two weeks later on June 20, 2019. Def. Var. Mot. at Exhibit C. Even the therapist noted that "he was highly resistant to the idea of treatment and was very angry that he was involved with the legal system," seeing his problems caused by

7

others and gave the impression that "he was only talking to a therapist because it might look good for his court case." *Id.*

Further, a defendant who seeks counseling in a child pornography case is not a rarity. While the government appreciates these efforts and notes their value, as well as noting the importance of the defendant's seemingly genuine remorse for the victims of his crime, the defendant's history and characteristics must be considered in conjunction with the seriousness of the offense, promotion of respect for the law, and provision of just punishment for the offense. The defendant, despite supportive family and friends and a good childhood, has imposed a far different childhood upon the minor children who are the victims of his crime through his collecting behavior, the harm of which cannot be undone. The defendant chose to prioritize his own needs and welfare at the expense of the physical and psychological welfare of all of the other minors whose images he traded and collected.

The defendant recognizes that child pornography activity "will be prosecuted and punished as a serious federal crime," but appears to want that burden to fall on all other offenders but himself. Def. Var. Mot. at 14. Besides citing to personal characteristics that were true both at the time of the charged offense conduct and now, and that the defendant finally sought the help he needed in the last several months once he knew charges were coming, he has not offered any basis for why he is so uniquely situated as to be granted a sentence defying the guidelines and sentencing practices in this district. As such, a sentence of 63 months imprisonment is reasonable.

## II.     Conclusion

Each defendant in a child pornography case prosecuted in the District of Colorado is uniquely situated.  No two offenders are alike.  The characteristics and circumstances that are unique to this case were already taken into account by the government when the defendant was presented with the opportunity to plead to an Information charging one count of Access with Intent to View and a sentencing recommendation of 63 months imprisonment by the government.  The defendant seeks to portray that offer as a basis for ignoring the advisory sentencing guideline range.  To allow the defendant to avoid a term of imprisonment by being granted a sentence of probation severely undermines the advisory guidelines and ignores the sentencing factors set forth in 18 U.S.C. § 3553(a).

Therefore, for the reasons set forth above and in the Government's Amended Sentencing Statement [ECF # 22], the government respectfully requests the Defendant's Motion for Downward Variant Sentence be denied and the defendant be sentenced to 63 months imprisonment.

DATED this 6th day of January 2020.

                          Respectfully submitted,

                          JASON R. DUNN
                          United States Attorney

By:   *s/Alecia L. Riewerts*
       Assistant U.S. Attorney
       U.S. Attorney's Office
       1801 California Street, Suite 1600
       Denver, CO 80202
       Telephone: 303-454-0100
       E-mail: Alecia.Riewerts@usdoj.gov

       *s/Lauren S. Kupersmith*
       Trial Attorney
       Child Exploitation & Obscenity Section
       U.S. Department of Justice, Crim. Div.
       1400 New York Ave. N.W., Suite 600
       Washington, DC 20005
       Telephone: 202-514-5780
       E-mail:  Lauren.Kupersmith@usdoj.gov

       Attorneys for the Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/Lauren S. Kupersmith
Trial Attorney
Child Exploitation & Obscenity Section
U.S. Department of Justice, Crim. Div.
