UNITED STATES DISTRICT COURT OF COLORADO

| | | |
|---|---|---|
| JOEL THOMAS,<br>    Plaintiff | | **FILED**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO |
| v. | CASE NO. | **SEP 04 2020** |
| UNITED STATES OF AMERICA,<br>    Defendant | | JEFFREY P. COLWELL<br>CLERK |

**RETURN OF PROPERTY**

**INTRODUCTION**

Joel Thomas, PER SE, Plaintiff, v. United States of America by and through United States Attorney, Jason D. Dunn for the District of Colorado, and Alecia L. Riewirts, Assistant United States Attorney, and Lauren S. Kupersmith, Trial Attorney hereby submits this Motion for Return of Property of the Plaintiff that was taken from him when the FBI seized under the search warrant 13-SW-05867-BNB under Fed.R.Crim.P.41(g).

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The Court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the Court must return the property to the movant, but

may impose reasonable conditions to protect access to the property and its use in later proceedings.

**BACKGROUND**

On November 24, 2013, the FBI conducted a search and seizure of Thomas's residence and seized the items on Document #1.

On September 11, 2019, Thomas entered a plea of guilty pursuant to a plea agreement, Document #2, and was sentenced on January 13, 2020, to a term of 48 months incarceration and a 5-year term of supervised release, Document #3. He is currently incarcerated at FCI Englewood facility in Littleton, Colorado.

**DISCUSSION**

The party seeking return of property Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P.41(g). If there are factual issues necessary to resolve the motion, the court must conduct an evidentiary hearing. Id. The party seeking the return of the property must show that "the retention of the property by the government is unreasonable...." In re Matter of Search of Kitty's E. 905 F.2d 1367, 1375 (10th Cir. 1990). After proceedings are concluded, this burden shifts to the government to show a legitimate reason to retain the property. United States v. Clymore, 245 F.3d 1195, 1201 (10th Cir. 2001) (Citation omitted). "[T]he government has a legitimate interest in maintaining control of property relevant to prosecution and sentencing of a defendant until his criminal proceedings are final." United States v. Nelson, 190 F.App'x 712, 715 (10th Cir. 2006). But the government must show that the property is relevant to the proceedings. Id. However, that as to items which are not forfeited but were no longer in the governments; possession, the district court should have afforded Thomas

an opportunity to assert an alternate claim for damages. See, United States v. Hall, 269 F.3d, 940, 943 (8th Cir. 2001)(addressing Rule 41(g) predecessor, Rule 41(e); sovereign immunity bars money damages for destroyed property under Rule 41(e) but proceeding is not moot; "when a district court conducting a Rule 41(e) proceed learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant .... an opportunity to assert an alternative claim for money damages" such as under the Tucker Act or Federal Torts Claim Act; cf. Unites States v. Bailey, 700 F.3d 1149, 1152-53 (8th Cir. 2012)(reversing and remanding denial of motion to convert Rule 41(g) motion into an action for damages where items sought were no longer in the government's possession; finding that the district court abused its discretion by dismissing Rule 41(g) motion and requiring movant to initiate a separate damages action). Because there were no criminal proceedings pending against Thomas as of January 2020, this Rule 41(g) motion is treated as a civil complaint and pursuant to the Federal Rules of Civil Procedure. See United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008); see also Naranjo v. United States, No. CR ---01110-RSWL-1, 2014 U.S. Dist. LEXIS 196085, 2014 WL 12591477, at *2 (C.D.    . Jan. 3, 2014). As a threshold matter, the Motion is applicable and within the statute of limitations. As the Second Circuit has explained, because no specific statute of limitations governs motions for Return of Property, "the six-year catch-all statute of limitations for civil actions against the federal government is applied" to Rule 41(g) motions "made after the termination of criminal proceedings against the defendant." Bertin, 478 F.3d at 492; see also Polanco v. U.S. Drug Enf't Admin., 158 F.3d 647m 654 (2nd Cir. 1998) (explaining that 28 U.S.C. §2401(a), which provides a default six-year statute-of-limitations

for "every civil action commenced against the United States," governs the motions to recover seized property). Where "there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion..."Bertin, 478 F.3d at 493. Here, Plaintiff was sentenced, and judgment was entered, on January 13, 2020. Accordingly, Plaintiff's Rule 41(g) motion "accrued on the same day." Bertin, 478 F.3d at 494. Thus, when Plaintiff filed the instant Motion here, it is within the statute of limitations.

**MOTION FOR THE RETURN OF PROPERTY**

Mr. Thomas moves for the return of certain property that was taken from him when he was served the search warrant. (Document #1), by the FBI on November 24th, 2013 and that he claims is in the possession of the United States Attorney's Office, i.e. Property listed on Document #1. He also asks the Court to direct the United States Attorney's Office to release all property that has no been ordered by the Court to forfeiture i.e. "One Apple MacBook A1181 laptop, Serial Number W88338KCOP1, Document #3, page 7, "schedule of payments"). Such property that is in the possession of the Government (Document #1) will be returned to Thomas's designee at the Arapahoe County Sherriff's Office within 30 days.

**CONCLUSION**

Plaintiff respectfully requests the Court to consider all the facts herein and move on this motion.

        Respectfully submitted this _____ day of _____2020.

        JOEL THOMAS
        Reg. No. 45461-013