IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00397-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL THOMAS,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS**

---

This matter is before the Court on Defendant Joel Thomas's Motion to Modify Supervised Release Conditions (Doc. # 57.) For the following reasons, the Court grants in part and denies in part Defendant's Motion.

On October 2, 2019, Defendant pleaded guilty to one count of Access with Intent to View Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. # 16). The Court sentenced Defendant to 48 months imprisonment and 5 years of supervised release and imposed a $100 special assessment fee and $5,000 in restitution. (Doc. # 33 at 2–5.) The Court also imposed several Special Conditions of Supervision. (*Id.* at 5.) In the instant Motion, Defendant challenges Special Conditions 1, 4, 6, and 7 through 11.

District courts have broad discretion to prescribe special conditions of release. *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). "The conditions imposed 'must satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d)'" and must "comport with relevant constitutional provisions." *Id.* (quoting *United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008)). First, the conditions imposed must be reasonably related to at least one of the following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. *Id.* (citing 18 U.S.C. § 3583(d)(1)). Second, the conditions "must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation." *Id.* Finally, the conditions must be consistent with any applicable policy statements issued by the United States Sentencing Commission. *Id.*

Defendant first requests modification of Special Condition 1 to substitute his participation in Sex Addicts Anonymous ("SSA") in lieu of sex offender evaluation and treatment. (Doc. # 57 at 12.) Special Condition 1 provides:

1. You must participate in and successfully complete a sex-offense specific evaluation and/or treatment program as approved by the probation officer. The probation officer will supervise your participation in and compliance with the treatment program. You must comply with all rules and regulations of the treatment program that are specified by the treatment agency and the probation officer. You must pay all or part of the costs of treatment as determined by the probation officer based upon your ability to pay.

(Doc. # 33 at 5.) Defendant argues that sex offender treatment is "mental health treatment" and that there is no basis for imposing Special Condition 1 because the Court received no evidence of Defendant being diagnosed with or suffering from any mental health condition. (Doc. # 57 at 6.) The Government and the Probation Office oppose Defendant's modification request. (Doc. # 59 at 3; Doc. # 60 at 7–8.)

Having reviewed the Motion, the Court disagrees with Defendant and rejects his argument that there is no basis for imposing a special condition of sex offender evaluation and treatment in this case. The Court finds that the nature and circumstances of Defendant's offense, namely his collection and distribution of child pornography and participation in online communities of likeminded individuals, justify sex offender evaluation and treatment. Further, the Sentencing Commission recommends that individuals convicted of sex offenses participate in sex offender treatment, *see* U.S.S.G. § 5D1.3(d)(7). The Court also finds that sex offender evaluation and treatment will not deprive Defendant of his liberty to an extent greater than necessary to protect the public. Finally, the Court notes that Defendant has declined to participate in sex offender treatment offered by the Bureau of Prisons. (Doc. # 60 at 7.) For these reasons, the Court finds that sex offender evaluation and treatment is warranted in this case and denies Defendant's motion as to Special Condition 1.

Defendant next challenges Special Conditions 4 and 6, which state:

4. Your use of computers and Internet capable devices will be limited to those you request to use and which the probation officer authorizes. The probation officer must not prohibit lawful Internet use except to impose restrictions on the types of computers or Internet capable devices that you may use, to provide necessary restrictions to facilitate correctional treatment and rehabilitation, and to protect the public from

> any further crimes. Any computer or Internet capable device must be able to be effectively monitored by and comply with the requirements of monitoring software utilized by the Probation Office. You must disclose any username or identification(s) and password(s) for all computers or Internet capable devices to the probation officer.
>
> 6. You must allow the probation officer to install software/hardware designed to monitor computer activities on any computer you are authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. You must not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

(Doc. # 33 at 5.) Defendant argues that keystroke monitoring and "24/7 monitoring" are "unreasonable" and constitute "the most restrictive option in case law," which he contends is not necessary in this case. (Doc. # 57 at 13.) Specifically, Defendant argues that he is not a risk to public safety and other Special Conditions already permit the Probation Office to conduct unannounced searches of his home and personal property, so keystroke monitoring constitutes an unnecessary and unreasonable violation of his privacy and liberty rights. (*Id.* at 13.) The Government and the Probation Office oppose this request. (Doc. # 59 at 3; Doc. # 60 at 8–12.)

      The Court disagrees with Defendant that he is not a risk to public safety and that other Special Conditions are sufficient to monitor his computer use. First, the nature and circumstances of the offense support keystroke monitoring: Defendant committed his offense solely through use of the computer and the Internet, and he demonstrated sophisticated computer skills through his access of child pornography websites on the dark web and his encryption of his laptop. *See* (Doc. # 60 at 4.) Defendant further

4

encouraged others on those websites to "stay safe." (*Id.* at 9.) Having reviewed the motion, the Court finds that keystroke monitoring and other computer and Internet use restrictions imposed by Special Conditions 4 and 6 do not impose a greater deprivation of liberty than is reasonably necessary to protect the public. Moreover, the Sentencing Commission recommends limiting computer use or otherwise imposing monitoring of computer and Internet use in cases like this one. *See* U.S.S.G. § 5D1.3(d)(7). Accordingly, the Court finds that modification of Special Conditions 4 and 6 is not appropriate and denies Defendant's motion with respect to those conditions.

Finally, Defendant moves to modify Special Conditions 7 through 11 because he paid his restitution in full and, therefore, those conditions are no longer applicable. (Doc. # 57 at 17.) The Government and the Probation Office agree that it is appropriate to remove Special Conditions 7–11. Having reviewed the motion, the Court agrees as well.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Modify Supervised Release Conditions (Doc. # 57). The Motion is GRANTED with respect to removing Special Conditions 7, 8, 9, 10, and 11. The Motion is DENIED in all other respects.

Accordingly, the Court ORDERS Defendant's terms of supervision be modified to remove the following special conditions:

7. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless you are in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

8. You must provide the probation officer access to any requested financial information and authorize the release of any financial

information until all financial obligations imposed by the court are paid in full.

9. As directed by the probation officer, you must apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.

10. You must pay the financial penalty/restitution in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay the financial penalty/restitution.

11. If you have an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to you with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

It is FURTHER ORDERED that all other terms and conditions of supervision previously imposed remain in full force and effect.

DATED:  March 29, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge