IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00397-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL THOMAS,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

    This matter is before the Court on Defendant Joel Thomas's Motion to Reconsider (Doc. # 62) this Court's March 29, 2022 Order Granting in Part and Denying in Part Defendant's Motion to Modify Supervised Release Conditions (Doc. # 61). Specifically, Defendant asks the Court to reconsider its ruling denying modification of Special Conditions 1, 4, and 6. The Probation Office and the Government each filed a response in opposition to Defendant's motion. (Doc. ## 64, 65.) For the following reasons, the Court denies Defendant's motion and affirms its prior ruling that modification of Special Conditions 1, 4, and 6 is not appropriate.

    After Defendant pleaded guilty to one count of Access with Intent to View Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), the Court sentenced him to 48 months imprisonment and 5 years of supervised release. (Doc. # 16; Doc. # 33 at 2–5.) The Court imposed several Special Conditions of Supervision, including:

1. You must participate in and successfully complete a sex-offense specific evaluation and/or treatment program as approved by the probation officer. The probation officer will supervise your participation in and compliance with the treatment program. You must comply with all rules and regulations of the treatment program that are specified by the treatment agency and the probation officer. You must pay all or part of the costs of treatment as determined by the probation officer based upon your ability to pay.

4. Your use of computers and Internet capable devices will be limited to those you request to use and which the probation officer authorizes. The probation officer must not prohibit lawful Internet use except to impose restrictions on the types of computers or Internet capable devices that you may use, to provide necessary restrictions to facilitate correctional treatment and rehabilitation, and to protect the public from any further crimes. Any computer or Internet capable device must be able to be effectively monitored by and comply with the requirements of monitoring software utilized by the Probation Office. You must disclose any username or identification(s) and password(s) for all computers or Internet capable devices to the probation officer.

6. You must allow the probation officer to install software/hardware designed to monitor computer activities on any computer you are authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. You must not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

(Doc. # 33 at 5.) On March 14, 2022, Defendant filed a Motion to Modify Supervised Release Conditions (Doc. # 57), requesting this Court modify Special Conditions 1, 4, 6, and 7 through 11. The Court granted in part and denied in part the motion. (Doc. # 61). With respect to Special Conditions 1, 4, and 6, the Court found no basis for modification and denied Defendant's motion. (*Id.* at 2–5.) The Court granted Defendant's motion with respect to Special Conditions 7 through 11, which related to restitution. (*Id.* at 5.)

2

Defendant now moves the Court to reconsider its ruling denying modification of Special Conditions 1, 4, and 6. (Doc. # 62 at 1.)

District courts have broad discretion to prescribe special conditions of release. *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). "The conditions imposed 'must satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d)'" and must "comport with relevant constitutional provisions." *Id.* (quoting *United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008)). First, the conditions imposed must be reasonably related to at least one of the following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. *Id.* (citing 18 U.S.C. § 3583(d)(1)). Second, the conditions "must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation." *Id.* Finally, the conditions must be consistent with any applicable policy statements issued by the United States Sentencing Commission. *Id.*

The Court incorporates its prior findings from its March 29, 2022 Order. (Doc. # 61). With respect to Special Condition 1, Defendant rehashes his previous argument that he does not need sex offender evaluation and treatment because of his "extensive therapy with Dr. Max Wachtel" and his "continued voluntary participation in SAA [Sex Addicts Anonymous] group therapy treatment." (Doc. # 62 at 3.) In addition, Defendant maintains that sex offender treatment is inappropriate without a particularized finding

3

that he needs such treatment, and Defendant contends that no evaluation took place in advance of his sentencing sufficient to support a finding for a need for sex offender treatment. (*Id.* at 3–4.) Finally, Defendant takes issue with the Court's statement that Defendant declined participation in Bureau of Prisons ("BOP") sex offender treatment and argues that he did not refuse participation and instead requested to be placed on the waitlist. (*Id.* at 4.) Defendant contends that he has been prevented from participating in treatment as a result of COVID-19 lockdowns and the Psychology Department at FCI Englewood ruling that he may not participate in the program. (*Id.* at 4–5.)

Contrary to Defendant's assertions, Defendant submitted a Mental Health Sex Offense Specific Evaluation (Doc. # 27-1) in advance of sentencing in this case. The evaluator noted Defendant's participation in SAA as well as his individual therapy with Dr. Wachtel. (*Id.* at 12.) Based on this evaluation, including the evaluator's risk assessment and discussion of Defendant's amenability for treatment, the Court found—and continues to find—that sex offender specific treatment is warranted in this case. While the Court commends Defendant for his ongoing efforts with SAA and Dr. Wachtel, the Court does not find a basis to modify Special Condition 1. Further, the Court finds no error in its previous statement that Defendant has declined BOP sex offender treatment: In a Declaration submitted to the Court, Dr. A. van der Walt, Chief Psychologist at FCI Englewood, refuted Defendant's assertions that the Psychology Department or COVID-19 lockdowns prevented Defendant from participating in treatment. *See* (Doc. # 66-3 at 1–4.) Rather, Dr. van der Walt states that Defendant's lack of programming is a result of his initial refusal to participate and declining to being

4

placed on the waitlist. (*Id.* at 3.) Based on the foregoing and considering the nature and circumstances of the case and the history and characteristics of the defendant, the Court finds that sex offender treatment is appropriate in this case and involves no greater deprivation of liberty than necessary to ensure the safety of the community. Defendant's motion is denied with respect to Special Condition 1.

Regarding Special Conditions 4 and 6, Defendant asserts the same arguments he put forth in his previous Motion to Modify Supervised Release Conditions (Doc. # 57) and again contends that keystroke monitoring is a greater deprivation of his privacy and liberty than is necessary to protect the community. (Doc. # 62 at 12.) The Court addressed and rejected Defendant's arguments in its March 29, 2022 Order. (Doc. # 61.) Further, the Court finds that keystroke monitoring is reasonably related to the specific circumstances of Defendant's offense and individual characteristics and is not a greater deprivation of liberty than necessary to protect the public. *See United States v. Dolivek*, 510 F' Appx. 573 (9th Cir. 2013) (unpublished).

For the foregoing reasons, it is ORDERED that Defendant's Motion to Reconsider (Doc. # 62) is DENIED.

DATED:  April 28, 2022

                                                    BY THE COURT:

                                                   CHRISTINE M. ARGUELLO
                                                   United States District Judge