IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00397-CNS

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. JOEL THOMAS,

   Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Alecia L. Riewerts, Assistant United States Attorney for the District of Colorado, and the defendant, Joel Thomas, personally and by counsel, Douglas I. Richards, Richards Carrington, LLC, submit the following Plea Agreement. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

I.  **AGREEMENT**

   A.  **Defendant's Agreement:**

The defendant agrees to

   (1)  admit to the violations of supervised release set forth in the May 14, 2024, revocation petition (ECF 86);

   (2)  admit that the government could prove that he committed a criminal offense under chapter 110—namely, Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)— and is

1


COURT EXHIBIT

therefore subject to the penalties set forth in 18 U.S.C. § 3583(k);

(3) the requested term of imprisonment of five years upon revocation of supervised release, see 18 U.S.C. § 3583(k); and

(4) waive certain appellate and collateral attack rights, as explained in detail below.

### B. Government's Obligations:

In exchange for the defendant's admissions, the government agrees not to bring new criminal charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado, concerning the contents of the defendant's Motorola cellular telephone, which was recovered in April 2024. See ECF 86, p. 1 (describing the Probation Office's recovery of a smartphone in the immediate vicinity of the defendant in April 2024). The government further agrees to recommend a sentence of five years' imprisonment upon revocation of supervised release.

The parties further agree that, if the Court informs the parties that it intends to impose a sentence greater than five years' imprisonment, the defendant has the right to withdraw from the plea agreement.

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal the sentence imposed upon revocation of supervised release in connection with the

2

pending revocation petition (ECF 86), unless the sentence exceeds five years, or the government appeals this case. In those circumstances, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant recognizes that he has a right to have a jury determine beyond a reasonable doubt whether he committed the violation of 18 U.S.C. § 2252A(a)(5)(B) that subjects him to the penalties in 18 U.S.C. § 3583(k), namely, a term of imprisonment of not less than five years. The defendant recognizes that by admitting that the government could prove a violation of 18 U.S.C. § 2252A(a)(5)(B), he is waiving the right to have a jury find that violation beyond a reasonable doubt. The defendant also specifically waives any claim that § 3583(k) is constitutionally unenforceable in these circumstances. The defendant also agrees that if he is granted judicial relief on the ground that the revocation term was unlawfully imposed, the government will be entitled to charge him with the substantive offense that was the predicate for that term, notwithstanding any statute of limitations, and may use his

3

admissions in the revocation hearing as evidence in a trial on that charge.

## II.     ELEMENTS OF THE VIOLATION

Pursuant to 18 U.S.C. § 3583(k), "[i]f a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter...110..., for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein." *Id.* The term of imprisonment for such criminal offense "shall be not less than 5 years." *Id.*

Chapter 110 of Title 18 of the United States Code is entitled "Sexual Exploitation and Other Abuse of Children."   Under 18 U.S.C. § 2252A(a)(5)(B), a Chapter 110 offense, a person commits the crime of Access with Intent to View Child Pornography when he knowingly "accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(5)(B). The maximum penalty for Access with Intent to View Child Pornography is 10 years' imprisonment; however, where, as here, the defendant has a prior conviction under Chapter 110, the statutory minimum sentence is 10 years' imprisonment and the

4

maximum sentence is 20 years' imprisonment. 18 U.S.C. § 2252A(b)(2).

The parties agree that the elements of Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) are as follows:

*First*: Defendant knowingly accessed with intent to view any material that contained an image of child pornography;

*Second*: The child pornography has been mailed or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third*: When the defendant accessed with intent to view the child pornography, he knew it was child pornography.

"Minor" means any person under the age of eighteen years.[1]

"Child pornography" is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.[2]

"Visual depiction" includes undeveloped film and videotape, data stored on

---

[1] 18 U.S.C. § 2256(1).
[2] 18 U.S.C. § 2256(8)(A).

5

computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.[3]

"Sexually explicit conduct" means actual or simulated:

1. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral- anal, whether between persons of the same or opposite sex; or

2. bestiality; or

3. masturbation; or

4. sadistic or masochistic abuse; or

5. lascivious exhibition of the anus, genitals, or pubic area of any person.[4]

## III.   STIPULATION OF FACTS

The parties agree that the government would be able to prove the following facts at trial.

On January 13, 2020, the Honorable Christine M. Arguello sentenced Joel THOMAS to 48 months' imprisonment, followed by 5 years of supervised release, after THOMAS pled guilty to Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ECF 33. Based on his 2020 conviction, THOMAS was required to register as a sex offender under the Sex Offender Registration and Notification Act.

---

[3] 18 U.S.C. § 2256(5).
[4] 18 U.S.C. § 2256(2)(A).

THOMAS commenced supervised release on June 30, 2023. ECF 86. THOMAS is supervised by the United States Probation Office for the District of Colorado. On May 14, 2024, the Probation Office filed a petition to revoke THOMAS's supervision. *Id.*

As set forth in the Petition, on April 22, 2024, THOMAS was found to be in the immediate vicinity of an unauthorized and unmonitored Internet capable Motorola cellular telephone during a home visit in the state and District of Colorado. *Id.* The device was connected to the defendant's home Wi-Fi network and a VPN network. *Id.* The defendant originally denied that the cellular telephone was his. *Id.* However, on May 13, 2024, the defendant admitted to purchasing and possessing the unauthorized Motorola cellular telephone to his offense-specific therapist and his probation officer. *Id.* THOMAS was unsuccessfully discharged from a residential sex offender treatment program, "Teaching Humane Existence" or "THE," due to violating the rules and regulations specified in his THE treatment contracts and the terms and conditions of the defendant's supervised release. *Id.*, ECF 108-1.

A digital forensic examination report was conducted on the above-referenced Motorola cellular telephone by a Cybercrime Specialist in the U.S. Probation & Pretrial Services Office's Cyber Investigations Unit. In addition to THOMAS's above-described statement that the purchased and possessed the above-referenced Motorola cellular telephone, there was attribution evidence located on his phone which confirmed that THOMAS was the user of the above-referenced Motorola cellular telephone, including two emails which were addressed to "joelsthomas99@gmail.com."

7

The forensic examination revealed that the device had been used to store, access, and/or view child pornography images and videos from in or about late 2023 to in or about April 2024. The forensic examiner was able to recover a large number of image files depicting child pornography during the digital forensic examination. Many of these files were found in numerous cache folders associated with different applications or "apps" installed on the mobile device. Cached data are files, scripts, images, and other multimedia stored on a device after opening an app or visiting a website for the first time. This data is then used to quickly gather information about the app or website every time revisited, reducing load time. In this case, the presence of these images in cache folders indicate that the user accessed and viewed these images, which resulted in copies being cached on the mobile device. The following are examples of child pornography images recovered from THOMAS's cellular telephone:

(1)   Filename: *43b904d05dbaf5107d3841afb95b1aa285665cad2dbe62 dd86a7adebfe188bad.0*
Modification Date: 11/11/2023
Description: This JPEG image file appears to depict two nude adult males and two minor females, one of whom appears to be approximately 7-10 years of age. The two males are standing while one of the girls is on her knees, while one male's penis is inserted into her mouth. The other girl is suspended upside down while the other male's penis is inserted into her mouth
Application: This image file is associated with the "Files" application cache. This cache is the default file explorer app for the Android operating system.

(2)   Filename: *ZyslBZQZ.jpg*
Modification Date: 2/8/2024
Description: This JPEG image file depicts a child approximately 4-6 years of age lying down. A penis is inserted in the child's mouth.
Application: This image file is associated with the "MEGA" application cache. MEGA is a cloud storage and file hosting service based out of New Zealand. MEGA provides users with end-to-end encryption so that

8

files and chats are controlled and protected by the user.

(3)  Filename: *-5039928231486138831_121.jpg*
Modification Date: 4/22/2024
Description: This JPEG image file depicts minor girls, approximately 5-7 years of age, with an adult male. The adult male's penis is inserted into the mouth of one of the girls.
Application: This image file is associated with the "Telegram" application. Telegram is a messaging app that provides end-to-end encrypted chats and video calling.

THOMAS admits that the government would be able to prove that when he accessed the child pornography online with intent to view it, he knew it was child pornography. THOMAS also admits that his Motorola cellular telephone was not manufactured in the state and District of Colorado. THOMAS further admits to Violations 1-3, as set forth in the pending revocation petition. ECF 86.

## IV.   GUIDELINE CALCULATION AND PENALTIES

Pursuant to U.S.S.G. § 7B1.4(b)(2) and 18 U.S.C. § 3583(k), the guideline range is five years' imprisonment.

The parties understand that the Court is free, upon consideration and proper application of 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

9

## V.  ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 5/8/25

Joel Thomas
Defendant

Date: 5/8/25

Douglas I. Richards
Attorney for Defendant

Date: May 8, 2025

Alecia L. Riewerts
Assistant U.S. Attorney