IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:19-cr-00397-CNS-1

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JOEL THOMAS,

 Defendant.

---

**ORDER**

---

Before the Court are Defendant Joel Thomas's motions to modify and vacate special conditions of his supervised release, *see, e.g.,* ECF Nos. 124 and 125, and his motion to remove the polygraph and visual response testing condition from his supervised release special conditions, *see* ECF No. 133. In response to the Court's order, ECF No. 126, the United States Probation Office and government have filed responses to Defendant's motions to vacate, ECF Nos. 130–32. For the following reasons, the Court DENIES Defendant's three motions.

## I.   BACKGROUND

A brief background of this case's factual and procedural background suffices. On January 13, 2020, Defendant was sentenced to a below-guidelines sentence of 48 months' imprisonment, to be followed by 5 years of supervised release, for an offense of Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). *See, e.g., United States v. Thomas*, No. 22-1149, 2023 WL 1872585, at *1

1

(10th Cir. Feb. 10, 2023) (unpublished) (*Thomas I*). In February 2024, the United States Probation Office (the probation office) sought a compliance review hearing, *see* ECF No. 81, based on concerns regarding Defendant's compliance with the terms and conditions of his supervised release, *see, e.g., id.* Ultimately, the Court revoked Defendant's supervised release because, *inter alia*, Defendant admitted that he violated the terms of his supervised release, *see* ECF No. 86. Defendant's violations included making false statements to a probation officer as to whether Defendant possessed an unauthorized phone, amounting to a Grade C violation, and his failure to successfully complete a court-ordered sex offender treatment program. *See* ECF No. 118 at 4. Through his plea agreement associated with the revocation, Defendant admitted that the government could prove the additional new crime of Access with Intent to View Child Pornography, 18 U.S.C. § 2252A(a)(5)(B). *See* ECF No. 110 at 1. This related to his unauthorized purchase of a phone on which he accessed and downloaded child pornography. *Id.* at 8-9.

Thus, the Court resentenced Defendant to a term of 60 months, *see* ECF No. 110 at 2, with a 10-year term of supervised release to follow. *See also United States v. Thomas*, No. 25-1280, 2025 WL 3260617, at *1 (10th Cir. Nov. 24, 2025) (unpublished) (*Thomas II*). The Court imposed several special supervised release conditions. *See, e.g., id.* at 30.

## II.    ANALYSIS

Across his motions, Defendant seeks to remove or modify various special supervised release conditions the Court imposed when it resentenced Defendant following its revocation of his initial term of supervised release. *See* ECF Nos. 124–125, 133. The probation office and the government have filed responses to Defendant's first

2

two motions. *See* ECF Nos. 130–32. The Court analyzes and explains why it denies Defendant's motions in turn.

### A. Modifying Conditions 1, 2, 6, and 4

In his first modification motion, Defendant seeks modification of conditions 1, 2, 6, and 4 of his supervised release. *See* ECF No. 124 at 1. Construing his motion liberally, *see, e.g., United States v. Pinson*, 542 F.3d 822, 830 (10th Cir. 2008), Defendant seeks modification on statutory, *see* ECF No. 124 at 1, and constitutional, *id.* at 2, grounds. But the Court agrees with the government that modification of the four conditions identified in his motion is improper.

***First***, the Court agrees with the government that a motion filed under 18 U.S.C. § 3583(e)(2)—the statute under which Defendant seeks relief—is "not the proper vehicle to argue" that a supervised release condition is illegal or unconstitutional. ECF No. 124 at 8. *See also United States v. Sestak*, No. 23–8006, 2023 WL 7215396, at *1 (unpublished) (10th Cir. Nov. 2, 2023) (affirming district court's denial of modification motion because § 3583(e)(2) "does not authorize [district courts] to modify [a defendant's] supervised release based on the illegality or unconstitutionality of the imposed term"). Indeed, as the Tenth Circuit recognized in one of Defendant's own prior appeals, "any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a habeas petition." *Thomas I*, 2023 WL 1872585, at *4 (citation modified). So the Court's inquiry in limited to asking whether modification of Defendant's supervised release conditions is proper. *See, e.g., id.*

***Second***, the Court disagrees with Defendant that modification of the conditions identified in his motion is proper. *Cf.* ECF No. 124 at 1.

*Access to financial information.* Regarding the first condition, access to financial information, *see* ECF No. 130 at 1, the Court agrees with the government that "ample evidence . . . support[s] imposition of a financial disclosure condition" such as this. ECF No. 131 at 10. Of course, the government acknowledges that Defendant is not required to pay restitution or a fine, *see id.*, but the government and probation office persuasively observe that maintained imposition of this condition is appropriate based on the circumstances of Defendant's underlying offense, violation behavior, and efforts to conceal both. *See* ECF No. 130 at 1. Recall, for example, that to this final point Defendant admitted that he misrepresented to a probation officer his ownership of an unauthorized smart phone—wrongly contending instead that the phone belonged to his son. *See, e.g.,* ECF No. 118 at 4; ECF No. 108 at 5.

Fundamentally, the Court agrees with the government that this condition is an additional and appropriate tool to "investigate [Defendant's] conduct," ECF No. 131 at 11, which includes making material misrepresentations about his behavior on supervised release, and that consideration of the § 3553(a) factors, *see Thomas I*, 2023 WL 1872585, at *3, confirm that modification is improper. *See, e.g.,* ECF No. 131 at 11 (explaining how "nature and circumstances" of the case, the "history and characteristics" of Defendant, and that the condition imposes "no greater deprivation of liberty than necessary" favor denial of the motion to vacate this condition). That Defendant has, in his words, been "fiscally responsible," ECF No. 124 at 6, does not change the fact that this case concerns his access with intent to view child pornography, nor does it change his pre-release efforts to conceal such access and his *post-release* efforts to conceal it, facts that under § 3553(a) do not justify modification of this condition. Such a financial access condition may

4

also reveal future purchases of "prohibited items," such as another phone or unauthorized Internet capable device, supporting its continued imposition. *See United States v. Stan*, No. 23-1174, 2024 WL 4381134, at *2 (10th Cir. Oct. 3, 2024) (unpublished) (citation modified); *see also id.* at *3.

At bottom, the Court finds that evidence available at the original sentence, as well as evidence of Defendant's subsequent behavior, do not present any "valid reasons" to modify this supervised release condition, *Thomas I*, 2023 WL 1872585, at *3 (citation modified), and so the Court denies Defendant's request.

*Mental Health Treatment.* Regarding the second condition, Defendant's required participation in mental health treatment, there are no valid reasons to modify this condition. *See id.* Defendant contends this condition improperly provides "the probation officer [with] complete authority to choose the modality, duration and intensity of mental health treatment," ECF No. 124 at 13, thus "delegating the duty of imposing [his] punishment to the probation officer," *id.* He further contends the Court failed to justify this condition with "any findings or compelling circumstances." *Id.*

But the Court agrees with the government that "ample evidence" supports imposition of this mental health treatment condition—as well as, on the flip side, evidence to deny its modification. ECF No. 131 at 12. For example, in a petition for the Court's compliance review hearing, a probation officer noted that one of Defendant's evaluators "referenced Narcissistic Personality Disorder, Mental Illness – coexisting anxiety and depression, and past trauma" as "responsivity factors." ECF No. 81 at 3. And in its response to Defendant's modification motion, the probation office represents that "after

his violation was identified, [Defendant] self-report[ed] hospitalization to address his mental health needs and suicidality." ECF No. 130 at 4.

Moreover, the probation office is correct that, reading the plain language of the condition, it does not impermissibly delegate the "modality, duration, and intensity," ECF No. 124 at 13, of Defendant's mental health treatment to the probation office. *Cf.* ECF No. 130 at 4; ECF No. 124 at 11 (quoting special condition, which specifies that the "probation office, *in consultation* with the treatment provider, will supervise [Defendant's] participation in the [mental health treatment] program" (emphasis added)); Simply stated, the condition provides that the probation office shall "approve" the mental health treatment program, but does not impermissibly delegate enforcement of the "rules and regulations" of such program to the probation office, nor does it vest in the probation office the sole supervisory role of Defendant's treatment progress—that power also resides with the "treatment provider." *See, e.g.,* ECF No. 124 at 11; *United States v. Mike*, 632 F.3d 686, 696 (10th Cir. 2011); *United States v. Bear*, 769 F.3d 1221, 1231 (10th Cir. 2014) (reading "the [mental health assessment and treatment] condition as not *delegating* to the probation officer the *authority* to impose conditions that implicate [the defendant's] significant liberty interests" and concluding district court did not err in imposing it (citation modified)).

For these reasons, and considering the nature and circumstances of this child pornography case, coupled with the history and characteristics of Defendant—which include mental health complications that warrant treatment and his prior suicidality—and the fact that this treatment condition is not a too-great deprivation of his liberty, the Court denies Defendant's motion to modify this supervised release condition.

*Access to Internet-Capable Device.* Regarding the sixth condition, Defendant challenges it on the grounds such condition is essentially a vague "occupational restriction." ECF No. 124 at 14. Defendant and the government refer to arguments attendant to the fifth special condition of Defendant's supervised release in arguing whether imposition of this sixth condition is proper. *See id.*; ECF No. 131 at 14. Considering the entirety of the parties' briefs, the Court declines to modify or vacate this supervised release condition. The Court agrees that imposition of this sixth condition is proper where Defendant admits that he attempted to cast blame on others—chiefly his own son—for possession of an unauthorized phone. *See, e.g.,* ECF No. 118 at 4. Thus, considering the nature and circumstances of this child pornography case, coupled with the history and characteristics of Defendant—which, as pertinent to the Court's analysis of this condition, include Defendant's prior and *admitted* false representations to the probation office about his access to an unauthorized phone—the Court concludes that modification or removal of this condition is not proper, notwithstanding Defendant's argument that it is tantamount to an "occupational restriction," which it is not. *Compare* ECF No. 124 at 14, *with* ECF No. 130 at 2 (explaining that this sixth condition prohibits Defendant's access to an "Internet capable device that *belongs to another person*" in order to "circumvent" other restrictions (emphasis added)); *and* ECF No. 124 at 11 (acknowledging the same).

At bottom, the Court agrees with the government that there is a reasonably direct relationship between Defendant's conduct, the underlying offense, and this condition such that it is reasonably necessary. *See* ECF No. 132 at 5.

7

*Pre-Approval for Engaging in Occupation, Business, Professional, or Volunteer Activities that Require Internet Access.* Finally, Defendant requests that the Court vacate the fourth condition of his supervised release, *see* ECF No. 124 at 25, on the grounds that in imposing this condition the Court did not find that Defendant's "occupation contributed or had a direct relationship to [his] previous criminal activity," *id.* at 28. The Court disagrees. As the government observes, ample evidence supports imposition of this condition, including evidence that Defendant was able to secure employment through which he accessed, and was certainly able to access, several unauthorized Internet capable devices. *See, e.g.,* ECF No. 130 at 4. This condition, as the others the Court has analyzed above, is reasonably related to the nature and circumstances of the underlying offense, coupled with the history and characteristics of the Defendant, which include, as discussed above, misrepresentations about his access to unauthorized devices. This is particularly true where, as here, Defendant committed the underlying crimes using computers and the Internet. *See, e.g., Thomas I,* 2023 WL 1872585, at *5. Nor, the Court notes, is this condition—like Defendant's sixth condition of supervised release—a condition that categorically *bans* Defendant from accessing the Internet. It only requires Defendant to secure pre-approval before doing so, bolstering the Court's conclusion that modification is unjustified. *Cf. United States v. Blair*, 933 F.3d 1271, 1275 (10th Cir. 2019).

\* \* \*

The Court has considered, as it must, the relevant statutory factors and this case's factual background. *See, e.g., Thomas I*, 2023 WL 1872585, at *3 (citing § 3553(a)). Doing so compels the conclusion that Defendant has failed to show there are any "valid reasons," *id.*, to modify the four conditions that he challenges in his first motion. *Cf.* ECF

8

No. 124. Accordingly, the Court denies his first motion to vacate and modify the four challenged conditions of his supervised release.

### B. Modifying Conditions 5, 9, and 10

Defendant moves to modify the fifth, ninth, and tenth conditions of his supervised release. *See generally* ECF No. 125. The Court addresses and rejects his modification arguments in turn. And, construing his motion liberally, *see Pinson*, 542 F.3d at 830, to the extent that Defendant challenges these conditions on constitutional grounds, *see* ECF No. 125 at 4, the Court rejects his constitutional arguments for the same reasons it did so in its analysis of his prior motion.

*Use of Computers and Internet Capable Devices.* Defendant argues that imposition of the fifth condition of his supervised release is improper because it runs afoul of *Blair*, 933 F.3d 1271, and thus violated § 3583. *See* ECF No. 125 at 4. But the Court agrees with the government that—even construing Defendant's argument as attendant to both his fifth and sixth conditions—this argument is unavailing. These conditions, as discussed in the Court's analysis of Defendant's first motion, do not impose categorial *bans* on Defendant's access to computers or Internet capable devices. Defendant himself acknowledges as much, as he must. *See id.* at 1 (reciting fifth special condition which limits use of computers to those that probation office "authorizes"). This authorization-limitation is, simply put, not a ban, and therefore *Blair* does not support Defendant's argument—nor does it render the fifth and sixth conditions of Defendant's supervised release invalid. *Cf. Blair*, 933 F.3d at 1277; ECF No. 132 at 8. Indeed, the condition prohibits the probation office *itself* from engaging in overbroad restrictions, bolstering the

9

Court's conclusion that the condition is not improper: "The probation officer *may not prohibit lawful* Internet use . . . ." ECF No. 130 at 2 (emphasis added).

Thus, considering the nature of this case and Defendant's characteristics, as the Court did in its prior analysis of Defendant's challenge to his sixth condition of supervised release, there is no valid reason to vacate or modify this fifth condition of supervised release. At bottom, this condition is "reasonably calculated to prevent" Defendant from using the Internet to access or store child pornography, *Blair*, 933 F.3d at 1280, and imposes no greater deprivation of liberty than is necessary to ensure deterrence and safety. *See* ECF No. 132 at 8.

Moreover, to the extent that Defendant appears to further challenge the seventh condition of his supervised release, *see* ECF No. 125 at 11, the Court agrees with the government that such challenge is unavailing, *see* ECF No. 132 at 9. The nature and circumstance of the underlying child pornography offense, necessitating both sentencing and then resentencing based on his violations of his supervised release, as well as the history and characteristics of Defendant, which include Defendant's use of and membership in websites dedicated to the distribution and advertisement of child pornography, *see, e.g.,* ECF No. 132 at 9, where Defendant was an active participant, support imposition of this keystroke monitoring condition. Indeed, the Tenth Circuit has previously affirmed imposition of such a condition in this case. *See Thomas I*, 2023 WL 1872585, at *5. The record here continues to support imposition of this condition, especially where Defendant's criminal activity—contrary to his suggestion—*does* have a relationship to his access and use of Internet capable devices. *Cf.* ECF No. 125 at 11. Nor is the Court persuaded that this condition is tantamount to an occupational restriction,

especially where—as noted now numerous times in this Order and throughout this case—Defendant used the Internet and Internet capable devices to commit the underlying crimes that resulted in imposition of his original sentence and later revocation of his supervised release. *Cf. id.* at 12.

*GPS Monitoring and Residential Reentry Center.* Defendant challenges the ninth and tenth conditions of his supervised release, attendant to his GPS monitoring and placement in a residential reentry center (RRC), respectively. *See, e.g.,* ECF No. 125 at 19; ECF No. 130 at 2. The Court agrees with the government and the probation office that imposition of these conditions are proper based both on the nature and circumstances of the offense as well as Defendant's history and characteristics, which include his "secret keeping behaviors" during his original term of supervised release, which resulted in its subsequent revocation, *id.* at 5, as well as his continued resistance to supervision, *id.* These conditions are reasonably related to managing both Defendant's risk in the community and ensuring behavioral monitoring upon his return to the community. *See* ECF No. 132 at 12. The Court's conclusion is bolstered again where, as here, Defendant has attempted in the past to shift blame to others for his conduct, necessitating such monitoring conditions. Notably, Defendant did not object to the imposition of the tenth condition of his supervised release—as he did not object to others that he now challenges—underscoring that its modification is unwarranted, particularly where imposition of Defendant's conditions is supported by the record. *See, e.g., United States v. Doty*, 150 F.4th 1351, 1355 (10th Cir. 2025).

11

### C. Modifying Condition 3

Finally, Defendant appears in his second modification motion, as well as in his Motion to Remove Polygraph and Visual Response Testing from Special Conditions of Supervised Release, ECF No. 133, to challenge his third condition of supervised release. *See id.* (requesting the Court to "remove polygraph testing and visual response testing from the Court's imposed special conditions of supervised release" (citation modified)); *see also* ECF No. 125 at 27. Construing both motions liberally, *see Pinson*, 542 F.3d 830, the Court denies Defendant's Motion to Remove Polygraph and Visual Response Testing from Special Conditions of Supervised Release, ECF No. 133, and declines to grant him permission to choose his own treatment provider and polygraph agency, *see* ECF No. 125 at 27.

Imposition of the third condition of Defendant's supervised release is supported by the record, and there is no valid reason to modify it. *See Thomas I*, 2023 WL 1872585, at *3. Imposition of this condition is proper in light of the nature and circumstances of the underlying offense, as well as the history and characteristics of Defendant, who has committed offenses involving child pornography and made misrepresentations regarding his access to unauthorized devices through which he could access the same. Participation in approved evaluation and treatment programs that include polygraph and visual testing do not constitute overbroad liberty deprivations, nor does the condition as written—as discussed above in the Court's analysis of Defendant's first motion— improperly delegate too much authority to the probation office in the condition's implementation. *Cf.* ECF No. 130 at 2.

Fundamentally, this condition is necessary in light of this case's background and it is appropriate to continue the monitoring of Defendant and to ensure deterrence as well as Defendant's rehabilitation, *see* ECF No. 132 at 6, and the Court declines to modify it, despite Defendant's insistence that imposition of such condition is unsupported by the record, which clearly is not the case, *cf.* ECF No. 133 at 2. Arguments attendant to any controversies as to the use of polygraph tests do not bear on the Court's analysis under the governing legal framework, which focuses, *inter alia*, on the Defendant's characteristics, the need for deterrence, and the need to protect the public. *See, e.g., Thomas I*, 2023 WL 1872585, at *3; *United States v. Begay*, 631 F.3d 1168, 1175 (10th Cir. 2011). Nor do such arguments support Defendant's position that the Court should remove this condition of supervised release. *See* ECF No. 133 at 3. Defendant's arguments that he should be able to choose his own provider and agency likewise fail to persuade. *Cf.* ECF No. 125 at 27.

\* \* \*

As with the Court's analysis of Defendant's first modification motion, after considering the relevant legal framework and factual background, the Court denies Defendant's second modification motion. The Court also denies Defendant's third motion, on the grounds set forth in such motion, as well as for the related and liberally construed reasons set forth in Defendant's second modification motion.

### III.    CONCLUSION

Consistent with the above analysis, the Court DENIES Defendant's three modification motions. ECF Nos. 124, 125, 133.

DATED this 20th day of March 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge